I'd like to, before getting into the substantive arguments about restitution, I'd like to just talk for a moment about whether Mr. Ross waived his appeal through the appellate waiver. Our position, of course, is that he did not, in this particular case, the plea agreement did not spell out any particular figure for restitution, nor did it include a cap. Under these circumstances, it would appear under U.S. v. Tootsie that he did not waive his right to challenge the overall figure. The plea agreement, by its terms, does waive that, right? What you're saying is it's the waiver is excused? You don't disagree, you don't dispute that the plea agreement does contain a waiver? Oh, yes, it does. Okay. So what you're saying is there is a waiver, but it's excused? That is correct, Your Honor. That's our position. Under these circumstances, had there been specific language in there about a cap or a particular figure, then I think we'd be in a tougher spot here. So our — that's our position. But your argument is that there is no restitution possible at all, and he knew when he agreed to the — to the — to the plea agreement that there would be restitution. So why hasn't he waived that argument? Well — I mean, he knew that much. He may not have known the amount, he may not have known how much it is, but he left himself open the possibility of arguing about the amount. But why — why isn't the fact that he — he knew there would be some restitution? Why is — what's unfair or ambiguous about that, or what is about that that would justify excusing the waiver? Well, two points, Your Honor. One is that he did raise the question, although he didn't argue it as forcefully as maybe I would have liked him to. He did raise the issue in one of his restitution memoranda that 18 U.S.C. 3664, capital A, parent C, parent 3, might apply here. And that's the statute — statutory section that says that the — if the court makes certain findings, that — that it shouldn't order restitution. And the findings being a number of identifiable victims is so large as to make restitution impracticable or is simply too complex an undertaking. Well, I don't think — I don't think we're — I've communicated my question clearly. Look, it's one thing to say the — there is a waiver of appeal and restitution, and the district court enters an amount that's really huge or, you know, really disproportionate, and he had no notice of that possibility. And so it should be argued — be able to argue about the amount of restitution. But there's no dispute. I mean, there's nothing — there's nothing ambiguous or the failure of notice on the question of whether there would be some restitution. So why isn't that question waived? And now we can talk about the amount. And I think — I don't think the government argues or disputes that you can — you can — you can — you can appeal the amount of restitution. But whether the question of any restitution at all, I just don't see the unfairness of holding him to that waiver. Your Honor, the best argument I can make is that restitution is a creature of statute. It's authorized by statute. It's limited by statute. The court has to follow the statute. The court doesn't follow the statute. In all likelihood, there's going to be at least plain error, if it's evident from the record. The statute itself tells the judge what to do when the determination of restitution is so complex and meets — meets the requirements, essentially, of 3664A.C.3. It directs the court to do something along those lines. Mr. Eisenberg, who was the attorney at the trial level, knew — certainly knew that there was such a statute. He cited to it in one of his restitution memoranda. It would have been — arguably, it would have been unlawful for the judge not to follow that. And I think, again, that's the best argument I can make for why Mr. Eisenberg did not waive that argument, because he didn't waive any statutory arguments implicit in his agreement — in his client's agreement. To pay restitution was the fact — was the — If we then get to the merits of your argument, I — what's — what's the — I mean, I think we understand — I understand your position on the waiver. All right. And there were also questions raised by the government as to whether he preserved his claims on appeal, so that we're — I'm not having to argue plain error here. I would argue, yes, he did preserve the 3664A.C.3 argument. Again, he raised that, at least in some sense, in his restitution memorandum, his first one. Regarding the preponderance — the best example of where he'd raised that. Thank you, Your Honor. I think you can find that. Again, it's not as powerfully done as I would hope. It's pretty subtle. Right, right. It is. But he does cite to the statute, and that's at CR 944, ER Volume 7, pages 13 and 14. I think you'll find that part of his memorandum. He devotes almost a half a page to it, although he doesn't drive home the argument as strongly as maybe he could have. Why don't — why don't we just defer? I mean, isn't — isn't the district court entitled to substantial deference on the question of whether or not restitution is so complicated that — that he — it's difficult to determine? I mean, the — the district court judge assessed everything and knew what was in front of him and what was entailed, and made a calculation from his perspective as the judge that figuring out the amount of restitution was not going to be overly complicated. Well — Why isn't that entitled to — I mean, it's the — it's the district — you know, if the district court thought I'm going to have to take — have a hearing and another hearing and bring in witnesses and all this stuff, he might have said, well, yeah, this is a little complicated, and this is not really what we should be doing. But he didn't see it that way. And why isn't that — why don't we — you know, what's wrong with that? Again, restitution is a creature statute, and the judge is required to follow the entire restitution statute or set of statutes. I agree there's some discretion. There has to be some discretion there. But that discretion is reviewable by this Court. And my argument is that, you know, first of all, he — in concluding that it was too complex, he was working from a very incomplete picture. I think I noted in my brief that 63 percent of the — of the licensees did not respond with a — with an affidavit. So of the 371 — Good for your client. Yeah. I mean, you know — Pardon me? Good for — good for your client. Well, we don't know, though. See, that's — that's not known. How could more responses have helped your client? We don't know what those responses would have been. The fact that they did not respond — How could they have possibly helped your client? I mean, the number is not going to get smaller if more people respond. The point I made in my brief is that people who were not out money would not have been motivated to respond. So that's one argument. I don't know — But how does that reduce the amount of restitution or make unreliable the calculations that were done? Well, excellent question. I think that goes to, if we had gotten more responses and they were positive responses, I think that puts into question the district court's basic premise here, and that is the core concept was itself inherently unreliable. Well, you look at the plea agreement. Look at what your client pled to. He pled to false statements that induced people to invest that, if not made, presumably would have led some of those people not to invest in the first place. Well, we agree — The fact that some people may have made a success out of the business doesn't — doesn't solve that problem at all. We agree that there was fraud involved here. There's no doubt — no doubt about that. We're not running from that. What we are arguing is that the judge reached a sort of a presumption that — that the core concept was inherently nonviable. And so that's where he started. He gave all of these 170-some people all of their money back. I'm not sure how the liability of the concept matters. If there was fraud in the inducement, the fact that you might have been able to make a success out of it really doesn't change the fact there was fraud in the inducement. And anybody fraudulently induced should be able to walk away, not make the transaction. Right. It's important — our position is important insomuch as it supports the idea that we were entitled to at least an evidentiary hearing with each and one of the — each and every one of these affiants to test whether the acts of the four principles, shall we say, approximately caused their injuries, their damages. We did not get that. Was there a request for an evidentiary hearing on each one of these people who were — There were multiple requests, yes. And none was granted. All we had were two oral arguments. And my time is up. Thank you. We'll hear from the government. Good morning, Honors. My name is Raymond Wu, and I'm here to represent the United States. Is there anything — how are you? Anything you heard this morning that you think isn't adequately addressed in your brief? No, Your Honor. I think the brief essentially sets forth the government's position. Thank you. I have nothing further. Thank you. The case is argued. We'll stand submitted.
judges: Kozinski, Paez, Clifton